United States District Court
Western District of New York

| | |
|---|---|
| Danielle Ward, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br><br>Bespolitan Inc. and Elegant Comfort Inc.,<br><br>　　　　　　　　　　　　Defendant | 1:23-cv-00069-LJV-MJR<br><br><br>**CASE MANAGEMENT ORDER** |

Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16,

　　IT IS **ORDERED** that:

　　1.　　In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

　　2.　　Motions to opt out of ADR shall be filed no later than June 16, 2023.

　　3.　　Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than June 16, 2023.

　　4.　　The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than July 7, 2023. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with Section 5.4(C)(2) of the ADR Plan.

　　5.　　All motions to join other parties and to amend the pleadings shall be filed no later than June 16, 2023.

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

6. The initial mediation session shall be held no later than February 9, 2024.

7. All motions to compel shall be filed no later than March 22, 2024. If a discovery disputes arises, the movant must advise the undersigned of the dispute and request a conference by submitting a letter (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery. *See* Rule 16(b)(3)(B)(v). Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8. To the extent that the parties seek to obtain electronic discovery, the parties agree to meet and confer in good faith as it relates to same, and to follow Local Rule 26(e) when necessary.

9. All fact discovery shall be completed no later than January 17, 2024.

10. The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

(a) plaintiffs shall identify any expert witnesses and produce their reports by March 15, 2024;

(b) defendants shall identify any expert witnesses and produce their reports by April 19, 2024;

(c) plaintiffs shall identify any rebuttal expert witnesses and produce their reports by May 17, 2024; and

(d) defendants shall identify any rebuttal expert witnesses and produce their reports by June 13, 2024.

11. All expert depositions shall be completed no later than July 5, 2024.

12. Pretrial dispositive motions, if any, shall be filed no later than August 30, 2024. Such motions shall be made returnable before the Hon. Lawrence J. Vilardo.

13. If no pretrial dispositive motions are filed, the parties shall contact the chambers of the Judge Vilardo by September 13, 2024 to schedule a trial date.

14. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until <u>July 26, 2024</u>.  The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension.  The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".**  *Parker v. Columbia Pictures Industries*, **204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED.**

DATED:
       Buffalo, New York

                                MICHAEL J. ROEMER
                                United States Magistrate Judge